IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

CYNTHIA FOXWORTH,

                        Plaintiff,

    v.                                      Civil Action No. 3:10-CV-317

UNITED STATES OF AMERICA,

                        Defendant.

**MEMORANDUM OPINION**

THIS MATTER is before the Court on the United States' Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Dock. No. 4). Upon due consideration and for the reasons that follow, the Court GRANTS the Motion pursuant to Rule 12(b)(1) and dismisses the Complaint with prejudice.

**I. BACKGROUND**

In 2005, Plaintiff Cynthia Foxworth brought a civil action in this Court against Defendant United States under the Federal Tort Claims Act (Case No. 3:05-CV-643). In that action, Foxworth alleged that she contracted hepatitis C due to the medical malpractice of the medical staff at the Naval Regional Hospital in Philadelphia, Pennsylvania. The parties voluntarily settled in 2006, and this Court entered an order of dismissal with prejudice on December 22, 2006. That order provided, in its entirety: "Pursuant to the Stipulation for Dismissal With Prejudice between the plaintiff and the United States of America, it is

1

hereby ORDERED that the above-captioned case is DISMISSED WITH PREJUDICE, with each party bearing its own fees, costs, and expenses."

In the settlement, the United States agreed to pay Foxworth $350,000 in the form of a $130,000 cash payment and a $220,000 annuity contract. (Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Pursuant to 28 U.S.C. § 2677 (Settlement Agreement) ¶ 3). The Settlement Agreement also provided that

> [c]ounsel of record for the defendant will utilize their best efforts to ensure that any future medical treatment, including the seventy two [sic] week protocol that has been recommended for the Plaintiff's medical condition, will be performed by and at the McGuire Veteran's facility in Richmond, Virginia or any other veteran's facility with consent of Plaintiff.

(Id. ¶ 8). Foxworth agreed to dismiss the complaint with prejudice.

The Plaintiff was represented by counsel in the 2005 action but is proceeding pro se in the instant matter. In her current Complaint, filed May 11, 2010, the Plaintiff indicates that the Settlement Agreement requires the Government to ensure that she continues to receive treatment at the McGuire VA Medical Center (McGuire) in Richmond, Virginia. She has learned that she once she reaches age sixty-five and becomes eligible for Medicare, her primary insurance provider will switch from Civilian Health and Medical Program at the Department of Veterans Affairs (CHAMPVA) to Medicare. Upon that change, she will no longer be able to continue treatment at McGuire.

Without using the terms "breach of contract" or clearly stating any other cause of action, Foxworth essentially alleges that the Government breached the Settlement Agreement provision excerpted above. She asks the Court to enforce the Settlement

Agreement so that she can continue to receive treatment at McGuire. She also demands ten million dollars in damages.

The United States filed its Motion to Dismiss the Complaint on July 12, 2010. The Government argues that the Court should dismiss the Plaintiff's Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARDS

Rule 12 allows a defendant to raise a number of defenses to a claim for relief at the pleading stage. Among these are the defenses that a court lacks subject-matter jurisdiction over the case, see Fed. R. Civ. P. 12(b)(1), and that the pleadings fail to state a claim upon which the Court can grant relief, see Fed. R. Civ. P. 12(b)(6). The standards used to evaluate each defense vary. While a court must typically construe the pleadings of a pro se plaintiff liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), a court considering a motion to dismiss must still evaluate the pro se plaintiff's pleadings according to the standards developed under Rule 12.

### A. Rule 12(b)(1)

On a Motion to Dismiss pursuant to Rule 12(b)(1), defendants may attack subject-matter jurisdiction by contending that the complaint fails to sufficiently allege facts upon which the Court may make a finding of subject-matter jurisdiction, or they may contend that the jurisdictional facts are untrue. King v. Riverside Reg'l Med. Ctr., 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In both situations, the burden is on the plaintiff, as the party

asserting jurisdiction, to prove that federal jurisdiction is proper. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

If the defendant asserts that the complaint fails to allege sufficient jurisdictional facts, then the facts alleged in the complaint are assumed to be true. King, 211 F. Supp. 2d at 780. "The court construes all facts in favor of the plaintiff, and it relies solely on the pleadings, disregarding affidavits or other materials." Id. (citing Adams, 697 F.2d at 1219). If, however, the defendant asserts that the jurisdictional facts are not true, "no presumption of truthfulness attaches to the allegations in the complaint, and the trial court must weigh the evidence presented and evaluate for itself the merits of the jurisdictional claims." Id. (citing Arthur Young & Co. v. City of Richmond, 895 F.2d 967, 971 n.4 (4th Cir. 1990)).

When a party sets forth a Rule 12(b)(1) defense in addition to other Rule 12 defenses, the court should resolve the 12(b)(1) motion first, because if the court lacks jurisdiction, the remaining motions are moot. See Sucampo Pharm., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 548 (4th Cir. 2006).

### B. Rule 12(b)(6)

Where a motion pursuant to Rule 12(b)(6) contends that a plaintiff's pleadings are insufficient to show entitlement to relief, a court must resolve the motion by reference to the allegations in the complaint. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). The question then before the court is whether the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief" in both "law and fact." Id. at 192-93.

The pleadings need not be supported by evidence but must "state a claim for relief that is plausible on its face." Id. at 193 (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)). A plausible claim is one that contains more than just "unadorned, the-defendant-unlawfully-harmed-me-accusation[s]." Iqbal, 129 S.Ct. at 1949. If the complaint alleges—directly or indirectly—each of the elements of "some viable legal theory," the plaintiff should be given the opportunity to prove that claim. Bell Atl. Corp. v. Twombly, 550 U.S. 556, 563 n.8 (2007).

In resolving a 12(b)(6) motion, a court must regard as true all of a plaintiff's well-pleaded allegations, Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993), as well as any facts that could be proven consistent with those allegations, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In contrast, the court does not have to accept legal conclusions couched as factual allegations, Twombly, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000); see also Iqbal, 129 S. Ct. at 1950. With these principles in mind, a court must ultimately ascertain whether the plaintiff has stated a "plausible, not merely speculative, claim for relief." Twombly, 550 U.S. at 555.

### III. DISCUSSION

The United States offers three primary arguments for dismissing Foxworth's complaint: (1) the Court lacks jurisdiction to enforce the settlement agreement; (2) the Court lacks jurisdiction over the Plaintiff's breach of contract claim; and (3) the complaint fails to state a claim.

5

**A. The Court Lacks Jurisdiction to Enforce the Settlement Agreement**

In the Fourth Circuit, once a district court has entered an order dismissing a case because the parties have voluntarily settled the matter, that court does not have jurisdiction to enforce the settlement agreement unless "the agreement had been approved and incorporated into an order of the court, or, at the time the court is requested to enforce the agreement, there exists some independent ground upon which to base federal jurisdiction." Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 203 F.3d 291, 299 (4th Cir. 2000) (quoting Fairfax Countywide Citizens Ass'n v. Fairfax County, 571 F.2d 1299, 1303 (4th Cir. 1978)). If a party breaches a settlement agreement that is incorporated into an order of the court, that breach is a violation of the court order, and the court has jurisdiction to enforce the agreement. Id. In Columbus-America, the district court had previously entered an order that specified that the Court "retain[ed] jurisdiction to enforce the settlement of the parties and the prior Orders in this case." Id. The Fourth Circuit found that statement "sufficient to grant the district court jurisdiction to enforce specifically the Settlement Agreement" at issue. Id.

The 2006 order in the instant case made no reference to the Settlement Agreement entered into by Foxworth and the United States. Therefore, applying the Fourth Circuit's standard as captured in Columbus-America, absent some independent ground, the Court does not have jurisdiction to enforce the settlement agreement.

**B. The Court Lacks Jurisdiction over the Breach of Contract Claim**

It is well settled that the United States is protected from suit by the doctrine of sovereign immunity, except when it has consented by statute to be sued. E.g., United States

6

v. Dalm, 494 U.S. 596, 608 (1990). Plaintiffs suing the United States for breach of contract do so under the Tucker Act, 28 U.S.C. § 1491(a)(1), which prescribes the limits of the Government's waiver of sovereign immunity for claims based on breach of contract, including those based on settlement agreements. Id. § 1491(a)(1); see McKay v. United States, 207 Fed. Appx. 892, 895 (10th Cir. 2006) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994)). The Court of Federal Claims has jurisdiction over breach of contract claims brought against the Government under the Tucker Act. 28 U.S.C. § 1491(a)(1) .The Little Tucker Act, 28 U.S.C. §1346(a)(2), grants district courts concurrent jurisdiction over most civil actions brought against the government where the monetary claims do not exceed $10,000.

Federal courts are courts of limited jurisdiction, possessing only the powers authorized by the Constitution or conferred by statute. Kokkonen, 511 U.S. at 377. Neither the Tucker Act nor the Little Tucker Act expressly grants district courts jurisdiction to order specific performance in contract actions. The Acts prohibit the Court of Federal Claims from ordering equitable relief such as specific performance in contract actions, except in limited situations not applicable here. Ruttenberg v. United States, 65 Fed. Cl. 43, 49-50 (Fed. Cl. 2005). Although the Little Tucker Act expressly grants district courts concurrent jurisdiction for claims against the United States of $10,000 or less, it does not expressly grant those the courts the power to order the equitable relief unavailable to the Court of Federal Claims. See 28 U.S.C. §1346(a)(2); Robbins v. U.S. Bureau of Land Mgmt., 438 F.3d 1074, 1082 (10th Cir. 2006) (collecting cases) (holding that "the Tucker and Little Tucker Acts 'impliedly forbid' federal courts from ordering declaratory or injunctive relief,

at least in the form of specific performance, for contract claims against the government"); see also Tucson Airport Auth. v. Gen. Dynamics Corp., 136 F.3d 641, 646-47 (9th Cir. 1998).

Where district courts have jurisdiction to require specific performance of contracts against the Government, the circumstances reach beyond a basic breach of contract claim. For example, in Charter Federal Savings Bank v. Office of Thrift Supervision, the Fourth Circuit held that the Tucker Act does not prohibit a court from ordering specific performance when Congress expressly allowed for such relief in a separate statute. 976 F.2d 203, 210 (4th Cir. 1992). As another example, the Tenth Circuit held that a district court had jurisdiction to order equitable relief because the plaintiff made a Fifth Amendment due process claim based on a contract. Robbins, 438 F.3d at 1083-84. Absent express authorization waiving sovereign immunity and allowing for injunctive relief in the form of specific performance or the presence of some other special circumstance, a district court does not have jurisdiction to grant specific performance in a contract action brought under the Tucker Act.

In the instant case, the Plaintiff seeks both enforcement of the Settlement Agreement and ten million dollars in damages. Since specific performance is not a remedy available to this Court in Tucker Act claims, and because the requested damages exceed the statutorily provided jurisdictional limit, this Court lacks subject-matter jurisdiction over the Plaintiff's claims. Therefore, the Court GRANTS with prejudice the Government's motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).

**C. The Rule 12(b)(6) Argument Is Moot but Has Potential Validity**

Since the Court grants the Motion to Dismiss pursuant to Rule 12(b)(1), the Government's Rule 12(b)(6) argument is moot. It is apparent on the face of the Complaint, however, that the Rule 12(b)(6) argument has potential validity because the Complaint appears to fail to state a breach of contract claim upon which the Court can grant relief.

Under Virginia law, a party claiming breach of contract must establish three elements to prevail: (1) a legally enforceable obligation under a contract, (2) a breach of that obligation, and (3) injury or damage to the plaintiff flowing from that breach. E.g., Eplus Technology, Inc. v. Nat'l R.R. Passenger Corp., 407 F. Supp. 2d 758, 761 (E.D. Va. 2005). In the instant case, the Plaintiff fails to show that the Settlement Agreement established a legally enforceable obligation for the United States to ensure her treatment at a specific location. Rather, the plain language of the agreement provides that "[c]ounsel of record for the defendant will utilize their best efforts to ensure that any future medical treatment . . . will be performed by and at the McGuire Veteran's facility" (emphasis added). This statement of intent does not rise to the level of legally enforceable obligation.

Furthermore, the change in the Plaintiff's treatment location is a result of the end of her insurance eligibility under CHAMPVA, not of any actions taken by the Government. Thus, even if the Settlement Agreement did create a legally enforceable obligation, no breach would be attributable to any person or entity bound by the Settlement Agreement. Finally, to provide the equitable remedy the Plaintiff seeks would bind the Department of Veterans Affairs, who was not party to the original lawsuit or the Settlement Agreement.

For these reasons, the Complaint appears to fail to state a claim upon which the Court can grant relief. Thus, the Court likely would have granted the Motion to Dismiss pursuant to Rule 12(b)(6) upon a finding of subject-matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the United States' Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).

Let the Clerk send a copy of this Memorandum to all counsel of record. An appropriate order will issue.

It is SO ORDERED.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this \_\_6th\_\_ day of October 2010